

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3859 | DATE | 2/12/2003 |
| CASE TITLE | Heller Financial, Inc. Vs. 2500 Peachtree Assoc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____ .
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We enter judgment for plaintiff and against the present defendants in the amount of $2,405,619.00.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | FEB 13 2003 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 24 |
| ✓ | Docketing to mail notices. | | AW | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELLER FINANCIAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 02 C 3859 |
| 2500 PEACHTREE ASSOCIATES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

From time to time this court is called upon to make a determination that has virtually no likelihood of having any practical significance but which is necessary to bring closure to the dispute. This is such an occasion.

Defendants Akhavan, Gunter, Kelley and Urban Holdings, LLC ("present defendants") executed a guaranty in favor of plaintiff related to a loan for the development of a condominium project. The project apparently encountered difficulties – it was never completed. Plaintiff sought to recover on the guaranty and it obtained a judgment of $3.5 million against each of the present defendants. It appears that plaintiff's likelihood of collection of those judgments ranges from slim to none.

Still, plaintiff also had a right under the guaranty to recover the cost of completion of the project even though it chose not to complete the project. That cost was estimated to be $2,405,619. Plaintiff now seeks a judgment on that amount from the present defendants because its losses on the loan far exceeded the $3.5 million drawn on a letter of credit from a senior lender, the basis of the prior judgments.

24

One defendant, Kelley, characterizes that recovery as an unenforceable penalty, but it is not. When the project went into bankruptcy plaintiff could have completed the project at its expense, hoping that it could more than recover the added investment by its recovery as a creditor from the sale of the condominium project as a completed asset of the bankrupt estate. But it did not need to take that risk. It could, instead, refuse to advance further funds and confine its recovery to its share as a creditor in the proceeds from the sale of the incomplete project, an amount which obviously would be less than the value of a completed project. That is the course it chose to pursue. The guaranty permitted plaintiff to elect to complete the project, with that amount recoverable from the guarantors, with the hope but without the certainty that the funds advanced would be more than covered by an increase in its share in bankruptcy, or to forego that option and settle for a lesser recovery in bankruptcy. That was an election plaintiff had a right to make in its effort to minimize its losses. We enter judgment for plaintiff and against the present defendants in the amount of $2,405,619.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 17, 2003.